UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLEDAD RAMIEREZ,<br>SILVIA FARIAS,<br>MARIA PUENTES,<br>MARIA RUIZ, and<br>MARIA DE LA O,<br><br>    Defendants. | NOS.  CR-07-117-RHW-1<br>CR-07-117-RHW-2<br>CR-07-117-RHW-3<br>CR-07-117-RHW-4<br>CR-07-117-RHW-5<br><br>**ORDER ADDRESSING<br>PRETRIAL MOTIONS** |

A pretrial conference was held on July 22, 2008, in Yakima, Washington. The Government was represented by K. Jill Bolton.  Defendants were present and represented by Rolando Adame, Adolfo Banda, Patrick True, Victor Lara, and Ricardo Hernandez.

Pending before the Court were a number of motions.  The Government did not have objection to any of the motions, except to Defendants' Motion to Sever. At the hearing, the Court granted Defendant's Motion to Suppress, as unopposed. The Court granted Defendants' Motion to Sever and ordered the parties to file Rule 16 materials within 45 days and to file complete disclosure of experts.  The Court also determined that the trial would be held in Spokane, but indicated that Defendants' counsel could revisit this issue at a later time, if they believed the trial should be held in Yakima, Washington.

Fed. R. Crim. P. 8(a) provides for joinder of offenses against a single

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 1**

defendant in the indictment if one of three conditions is satisfied.  The offenses charged must be: (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) "connected with or constitut[ing] parts of a common scheme or plan."  Fed. R. Crim. P. 8(a); *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007).  In conducting the Rule 8 analysis, the validity of the joinder is determined solely by the allegations in the indictment.  *Id.*  At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder.  *Id.* at 573.

In determining whether the offenses charged have the same or similar character, the Ninth Circuit has instructed courts to consider factors such as the elements of the statutory offense, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims.  *Id.* at 578.  The weight given to a particular factor should depend on the specific context of the case and the allegations in the indictment.  *Id.*  In any event, the similar character of the joined offenses must be ascertainable–either readily apparent or reasonably inferred–from the face of the indictment.  *Id.*

Whether the offenses charged are part of a common scheme or plan turns on whether "commission of one of the offenses either depended upon or necessarily led to the commission of the other; proof of the one act either constituted or depended upon proof of the other."  *Id.* at 574.  In order to be part of a common scheme or plan, the counts must involve "a concrete connection" that goes beyond "mere thematic similarity."  *Id.*

In this case, Defendants are charged with one count of Conspiracy to Tamper with a Witness or Informant and each are charged with an individual count of Theft of Government Property.  A significant amount of time expired before the alleged theft of public funds and the meeting in which the alleged tampering occurred.  Moreover, the elements for the two offenses are distinct.  It is not clear that the evidence of the witness tampering, that is, the transcripts of the meetings,

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 2**

1 would be admissible in the substantive counts.  The conspiracy count and the
2 substantive theft counts are not of the same or similar character nor are they
3 connected with or constitute parts of a common scheme or plan.  As such, it is
4 appropriate to sever the conspiracy counts with the theft counts.  The Court will
5 also sever the individual counts, but will permit the Government to file briefing on
6 whether joinder of the individual counts would be appropriate under Fed. R. Crim.
7 P. 8(b).  Thus, the trial on the conspiracy counts will begin on September 22, 2008,
8 and the individual trials will be conducted after the conclusion of the conspiracy
9 trial in the order as listed in the Indictment.

10     Accordingly, **IT IS HEREBY ORDERED:**

11     1.    The Government's Motion for Discovery (Ct. Rec. 70) is **GRANTED**.

12     2.    On or before **August 29, 2008**, the parties shall file their Rule 16
13 materials.

14     3.    On or before **August 29, 2008**, the parties shall file their motions in
15 limine.

16     4.    Defendant Maria Puentes' Motion for Joinder (Ct. Rec. 171) is
17 **GRANTED**.

18     5.    Defendant Maria Puentes' Motion to Continue Trial Date and All Other
19 Dates/Deadlines (Ct. Rec. 172) is **DENIED**.

20     6.    Defendant's Maria Ruiz's Motion to Produce Grand Jury Testimony
21 (Ct. Rec. 48) is **DENIED**, as moot.

22     7.    Defendant Maria Ruiz's Motion for Discovery (Ct. Rec. 54) is
23 **DENIED**, as moot.

24     8.    Defendant Maria Ruiz's Motion to Expedite (Ct. Rec. 55) is **DENIED**,
25 as moot.

26     9.    Defendant Maria Ruiz's Motion to Sever Defendant and Counts (Ct.
27 Rec. 164) is **GRANTED**.

28     10.    Defendant Maria Ruiz's Motion to Suppress Evidence (Ct. Rec. 175)

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 3**

is **GRANTED**.

     11.   Defendant Maria De La O's Motion for Discovery (Ct. Rec. 59) is **GRANTED**.

     12.   Defendant Maria De La O's Motion to Produce Transcript of Grand Jury Testimony (Ct. Rec. 60) is **DENIED**, as moot.

     13.   Defendant Maria De La O's Motion for Release of Brady Materials (Ct. Rec. 62) is **DENIED**, as moot.

     14.   Defendant Maria De La O's Motion to Compel Disclosure (Ct. Rec. 64) is **DENIED**, as moot.

     15.   Defendant Maria De La O's Motion to Produce 404(b) & 609 Evidence (Ct. Rec. 66) is **DENIED**, as moot.

     16.   Defendant Maria Puentes' Motion for Discovery (Ct. Rec. 73) is **DENIED**, as moot.

     17.   Defendant Maria De La O's Motion for Joinder (Ct. Rec. 168) is **GRANTED**.

     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

     **DATED** this 25th day of July, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Court

Q:\CRIMINAL\2007\07-117\motions.wpd

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 4**